TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00808-CR







Jesus Elizondo Garza, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 96-526-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of possessing more than fifty pounds of marihuana. 
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1998). The jury assessed punishment,
enhanced by a previous felony conviction, at imprisonment for sixty years.

On July 12, 1996, a police officer stopped a van on Interstate 35 for a traffic
offense. The van was occupied by appellant and his brother Rene Garza, who was driving. Inside
the van, the officer found ten bundles of marihuana weighing one hundred seventy-nine pounds. 
Appellant and his brother were indicted for engaging in organized criminal activity by possessing
more than fifty pounds of marihuana, but at the close of evidence the district court submitted to
the jury only the lesser included possession offense. 

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). In addition, appellant filed a pro se brief.

Appellant's first pro se point of error is that the evidence is factually insufficient
to support the organized crime indictment. This may be true, since the district court charged the
jury only on the lesser included offense. Because appellant was not convicted of engaging in
organized criminal activity, the sufficiency of the evidence with respect to that offense is
irrelevant. We have reviewed the all testimony and hold that the conviction for possession of
more than fifty pounds of marihuana is not contrary to the great weight and preponderance of the
evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed) (standard of review). Point of error one
is overruled. 

The second pro se point of error is that the district court permitted "plain errors"
that deprived appellant of a fair trial. In his argument under this point, appellant refers to what
he contends were improper statements by both the prosecutor and defense counsel during jury
selection. We find none of these statements to have been erroneous. Point of error two is
overruled.

Next, appellant contends he received ineffective assistance of counsel at trial. See
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). Appellant complains that his attorney should have filed a motion for
reindictment, but Texas criminal procedure does not provide for such a motion. Appellant also
asserts that his counsel effectively pled him guilty. This appears to be a reference to counsel's
trial strategy, which was focused (successfully as it turned out) on defending against the organized
crime allegation. This Court may not second-guess that strategy. The third pro se point of error
is overruled.

Finally, appellant complains that his trial was "constitutionally wrong." He does
not support this allegation with argument or authorities. Pro se point of error four is overruled.

Having reviewed the record, counsel's brief, and the pro se brief, we agree with
counsel that the appeal is frivolous and without merit. The judgment of conviction is affirmed. 



Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: October 22, 1998

Do Not Publish



R>


NO. 96-526-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of possessing more than fifty pounds of marihuana. 
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1998). The jury assessed punishment,
enhanced by a previous felony conviction, at imprisonment for sixty years.

On July 12, 1996, a police officer stopped a van on Interstate 35 for a traffic
offense. The van was occupied by appellant and his brother Rene Garza, who was driving. Inside
the van, the officer found ten bundles of marihuana weighing one hundred seventy-nine pounds. 
Appellant and his brother were indicted for engaging in organized criminal activity by possessing
more than fifty pounds of marihuana, but at the close of evidence the district court submitted to
the jury only the lesser included possession offense. 

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). In addition, appellant filed a pro se brief.

Appellant's first pro se point of error is that the evidence is factually insufficient
to support the organized crime indictment. This may be true, since the district court charged the
jury only on the lesser included offense. Because appellant was not convicted of engaging in
organized criminal activity, the sufficiency of the evidence with respect to that offense is
irrelevant. We have reviewed the all testimony and hold that the conviction for possession of
more than fifty pounds of marihuana is not contrary to the great weight and preponderance of the
evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed) (standard of review). Point of error one
is overruled. 

The second pro se point of error is that the district court permitted "plain errors"
that deprived appellant of a fair trial. In his argument under this point, appellant refers to what
he contends were improper statements by both the prosecutor and defense counsel during jury
selection. We find none of these statements to have been erroneous. Point of error two is
overruled.

Next, appellant contends he received ineffective assistance of counsel at trial. See
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). Appellant complains that his attorney should have filed a motion for
reindictment, but Texas criminal procedure does not provide for such a motion. Appellant also
asserts that his counsel effectively pled him guilty. This appears to be a reference to counsel's
trial strategy, which was focused (successfully as it turne